UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert McDaniel Cox, | ) | C/A No. 2:11-2813-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| William J. Wylie, Jr., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This civil action filed *pro se* is before the Court because of Plaintiff's failure to comply with the undersigned's Order of October 31, 2011 (ECF No. 8), and because of Plaintiff's failure to prosecute the case in a timely manner. This case was filed by Plaintiff on October 17, 2011. Following initial review of the Complaint (ECF No. 1), Plaintiff was directed to provide properly completed service documents and answers to special interrogatories to bring the case into proper form for consideration of service. The items were supposed to be filed on or before November 28, 2011, and Plaintiff was specifically warned that failure to comply with the Order could cause this "to be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure." (ECF No. 8). No response has been received from Plaintiff, and the time for his compliance has now passed. The mail in which the Order was sent to Plaintiff has not been returned to the Court, thus it is presumed that Plaintiff received the Order, but decided not to respond to it.



Applying the four-factor test of *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) to the circumstances of this case, the failure of Plaintiff to respond to the most recent Order in this case,

despite having been clearly warned of the consequences should he not do so, indicates an intent on Plaintiff's part not to prosecute this case.

### Recommendation

Accordingly, it is recommended that this case be dismissed *without prejudice* due to Plaintiff's failure to comply with this Court's Order and failure to prosecute the case. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with "any order of the court." ); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).

Plaintiff's attention is directed to the important notice on the following page.

_____
Bristow Marchant
United States Magistrate Judge

December 2, 2011
Charleston, South Carolina



2

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



3